IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NATHAN B. MARTIN,                      )
                                       )
              Plaintiff,               )
                                       )
                                       )          CIV-08-1223-HE
v.                                     )
                                       )
JOHN WHETSEL, et al.,                  )
                                       )
              Defendants.              )

REPORT  AND  RECOMMENDATION

On November 13, 2008, Plaintiff, appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. §1983.  Named as Defendants in the Complaint are John Whetsel, in his official capacity as the Sheriff of Oklahoma County, and the Oklahoma County Board of County Commissioners.  The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).   Before the undersigned is Defendants' Motion to Dismiss and/or Motion for Summary Judgment (hereinafter "Defendants' Motion").  Although Plaintiff was given twenty days to respond to Defendants' Motion, Plaintiff has failed to respond within the allotted time period or seek an extension of time to do so.  For the following reasons, it is recommended that Defendants' Motion seeking dismissal or, in the alternative, summary judgment be granted as more fully explained herein.

1

At the time Plaintiff filed his Complaint in this action, Plaintiff was being detained at the Oklahoma County Detention Center ("OCDC") pending trial on a felony charge filed against him in Oklahoma County District Court, Case No. CF-2007-3864.  The prosecution had previously dismissed all but one charge in this case on November 28, 2007, and a jury trial was conducted on the remaining charge in February 2009.  Plaintiff was acquitted of the charge, and he was ordered released from detention on February 24, 2009.  Plaintiff was released from the OCDC on this same date.

In Case No. CF-2007-4271, which Plaintiff also cites in his Complaint as the basis for his claims, the criminal charges brought against Plaintiff were dismissed by the prosecution, and an Order of Release was entered by the Court on November 14, 2007, over a year before Plaintiff filed this action.

I. Counts One, Two, and Three - Case No. CF-2007-4271 and Case No. CF-2007-3864

In his Complaint, Plaintiff alleges five grounds for relief.  In count one, Plaintiff asserts a "usurpation of authority not delegated by Congress or by the State, violative of USCA Constitutional Amendments IV and X." As support for this claim, Plaintiff refers generally to "a review of the record, of the seizure, warrantless arrest, and 'quasi-judical' [sic] proceedings" which he alleges provide "prima facie evidence in favor of the Plaintiff." In count two, Plaintiff alleges "unlawful seizure of the person/Plaintiff by warrantless arrest/unlawful detention of pretrial detainee by untimely 'quasi judicial/ arraignment proceeding.'" As supporting facts, Plaintiff states "same as count I above.  Defendants are devoid of stating any claims for which relief can be granted in the instant matter simply

2

because they have responded before the U.S. Surpreme [sic] Court and lost."  In his third ground for relief, Plaintiff asserts that "the state has falsely accused me, and illigally [sic] charged me with these crimes since June 26, 2007."  As supporting facts for this claim, Plaintiff refers to "the witness list on Plaintiff affidavits cases # CF-2007-3864 & # CF-2007-4271.  The officers who are witnesses to count # 1 are the same witnesses for count # 2, which is about 3 weeks apart."  Plaintiff seeks monetary damages of one million dollars for his "loss of liberty, life, and pursuit of happiness" and "disregard for the U.S. Constitution, U.S. Supreme Court mandates, orders, and rules," $1,500.00 "for each day of wrongful imprisonment," and $275,000.00 "for the negotiable Miller Act bonds originating from the Defendants/Holders misuse of Ens. [sic] Legis."

II. Counts Four and Five - Conditions of Confinement, Denial of Access to Courts

In count four, Plaintiff contends he was "denied access to a law library, legal referrence [sic] materials, notary services, copies, paper, ink pens, postage for legal filling [sic], rules of the Court(s), unmonitered [sic] telephone calls (for attorney calls) as an indigent pro-se litigant."  As supporting facts, Plaintiff asserts that only "convicted felons" are allowed access to legal resources, that "innocent pre-trial detainees" are denied legal resources, and that "these unlawful actions impose a 'Bill of Attainer [sic]/Bill of Pains & Penalties' proscribed by USCA Const., Art. 1, § 9, cl. 3" and deny Plaintiff his "civil rights, natural & inherent rights as provided by the Oklahoma Constitution & and Oklahoma Supreme Court in Byers v. Sun Bank & Trust, __ P. ___ (1914)" and the Fourteenth Amendment.

3

In count five, Plaintiff asserts that the "overall living conditions at the Oklahoma County jail are deficient [and] health & life threating [sic]." As factual support for this claim, Plaintiff alleges a list of deficiencies, including "inadequate" medical treatment, the lack of a "fire evacuation plan as required by OSHA, Oklahoma jail standards [and] ACA standards," an overcrowded jail "at 300 % capacity" with three detainees to every one-man cell, "the cells are never cleaned or sanatized [sic]," [t]here is no operative grievance [sic] procedure [and] administrative grievances [sic]/remedies are patently futile," and the jail is "understaff[ed]" which "imposes a situation where Emergency Medical needs cannot be fulfilled."

III. Standard of Review

Plaintiff has failed to respond to the Motion to Dismiss and/or for Summary Judgment. "[W]hile a district court may grant summary judgment as a sanction, it can do so only after performing an explicit analysis of the factors set forth in Meade v. Grubbs, 841 F.2d 1512, 1519-1522 (10th Cir. 1988)." Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003). Moreover, "a district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" Id. at 1178 (quoting Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002)). Rather, a district court must analyze the Meade factors before dismissing a complaint as a sanction. Id. Because the undersigned declines to either dismiss the action or grant summary judgment as a sanction for Plaintiff's failure to respond, it is not necessary to consider the Meade factors in resolving Defendants' Motion.

4

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.  Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 1966. A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  See Twombly, 127 S.Ct at 1964-1965 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")(quotations and citations omitted); Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997)(courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").  A court evaluating a Rule 12(b)(6) motion to dismiss may consider the complaint as well as any documents attached to it as exhibits. Hall, 935 F.2d at 1112.  Despite Plaintiff's failure to response to the Motion

to Dismiss, the court "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." <u>Issa</u>, 354 F.3d at 1178.[1]

Summary judgment may be granted only where the pleadings and documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. <u>Jiron v. City of Lakewood</u>, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." <u>Id</u>. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).[2]

---

[1]The court in <u>Issa</u> noted that a district court "must perform an explicit analysis" of the factors outlined in <u>Meade</u>, 841 F.2d at 1519-1522, before a court can impose a sanction of dismissal for the failure to comply with local court procedural rules. <u>Issa</u>, 354 F.3d at 1178. The undersigned declines to dismiss Plaintiff's action as a sanction for his failure to respond to Defendant's dispositive motion and therefore does not address the <u>Meade</u> factors.

[2]In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it allege facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. <u>Hall</u>, 935 F.2d at 1111.

IV. <u>Analysis</u>

      <u>A. Exhaustion of Administrative Remedies - Counts Four and Five</u>

      Defendants contend that Plaintiff has failed to exhaust available administrative remedies with respect to his claims in counts four and five of the Complaint.  The Prison Litigation Reform Act of 1995 ("PLRA"), enacted in 1996, directs that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This provision has been interpreted by the Supreme Court to apply "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).

      With respect to the issue of his exhaustion of administrative remedies, Plaintiff states in his Complaint that he has sought informal or formal relief from the appropriate officials but that "[a]ll administrative remedies are futile and are ignored.  Plaintiff has sought relief in the Oklahoma County Distract [sic] Court, Oklahoma Court of Criminal Appeals and the U.S. Court of Appeals for the 10th Circuit and he now appeals to this United States District Court."  Plaintiff provides no support for his futility argument, and he has not provided specific information regarding what steps, if any, he took to exhaust available remedies at

the OCDC.

Defendants have presented evidentiary documents with their Motion, including a copy of the OCDC's written grievance policy. Defendants' Motion, Ex. 1, att. 3. The four-step administrative grievance policy requires that detainees first make an oral complaint to the proper employee in order to initiate corrective action. If the detainee is unsatisfied with the response received from the unit manager or shift commander, the inmate must then submit a "request to staff" to the unit manager. If the detainee is still not satisfied with the resolution of the complaint, the detainee then files a formal grievance directed to the unit manager, who forwards a copy of the grievance to the grievance coordinator to be logged as a jail record, and, finally, the detainee must appeal the grievance response by submitting the grievance appeal to the grievance coordinator who forwards it to the jail administrator or the administrator's designee for a response.

Defendants have also provided documentary evidence reflecting that the OCDC's grievance procedures were available to Plaintiff because he utilized the first step of the grievance procedure with respect to various issues, none of which concerned the grounds asserted in the Complaint. Defendants' Motion, Ex. 1, att. 24. The affidavit of the OCDC's grievance coordinator and documentary evidence submitted by Defendants with their dispositive Motion reflect that Plaintiff failed to complete the steps of the grievance procedure with respect to the claims asserted in grounds four and five of his Complaint. Accordingly, Defendants are entitled to summary judgment with respect to his claims of denial of access to the courts in count four and unconstitutional conditions of confinement

in count five of the Complaint.

B. Counts One, Two, and Three - Malicious Prosecutions, Probable Cause Determinations, Pre-Arraignment Delay, and Official Capacity Claims

Plaintiff's allegations in counts one, two, and three of the Complaint are largely incoherent, conclusory, and bereft of facts sufficient to set forth a short and plain statement of his claims. However, in the form Complaint's background section, Plaintiff somewhat elucidates these claims. Plaintiff asserts he was "unlawfully seized while still in the county jail," that "these charges & unlawful seize [sic] began June 26, 2007," and that he was "unlawfully forced in a 'mock' 'quasi' arraignment by video, without any opportunity to address the Court or object or even see any evidence of the patently false charges & allegations against him." He asserts he was not provided with legal assistance for this proceeding or provided with legal assistance "for over 30 days thereafter." In count three of the Complaint, Plaintiff also asserts that he was "falsely accused" of crimes in Case No. CF-2007-3864 and CF-2007-4271.

Determining the gist of Plaintiff's obscure, rambling allegations in counts one through three is a difficult undertaking and requires an analysis of relevant caselaw on the possible issues raised in the Complaint. It appears, first, that Plaintiff is alleging a claim of malicious prosecution with respect to the two criminal proceedings mentioned in the Complaint. "[M]alicious prosecution concerns detention ... after the institution of legal process." Wilkins v. DeReyes, 528 F.3d 790, 798 (10th Cir. 2008)(internal quotations and citation omitted). "In this context, a Fourth Amendment violation can exist only when a plaintiff alleges the legal

process itself to be wrongful.  If a plaintiff challenges merely the confinement *after* the institution of legal process, but not the process itself, the protections offered by the Fourth Amendment do not apply." Id. (internal quotations and citation omitted).

In this circuit a 42 U.S.C. § 1983 malicious prosecution claim requires the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." Id. "Criminal proceedings are terminated in favor of the accused by the formal abandonment of the proceedings by the public prosecutor." Restatement (Second) of Torts § 659(c) (1977). "The plaintiff has the burden of proving a favorable termination." Id. (quotations and citation omitted).

Personal participation on the part of each defendant sued for damages in his or her individual capacity is required in a 42 U.S.C. §1983 action. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Bennett v. Passic, 545 F.2d 1260, 1262-1263 (10th Cir. 1976).  A supervisor cannot be held liable under §1983 solely on a *respondeat superior* basis. Monell v. Dep't of Social Serv., 436 U.S. 658, 691-695 (1978).  "Liability of a supervisor under §1983 must be predicated on the supervisor's deliberate indifference," and a plaintiff "must show that an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir.1997) (quotations omitted). Accord, Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988).  "It is not enough to

establish that the official should have known of the risk of harm." <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1310 (10th Cir.1998).

Plaintiff has not alleged the personal participation of Defendant Whetsel or sought damages against Defendant Whetsel in his individual capacity with respect to Plaintiff's claims of malicious prosecution, and there is no evidence that Defendant Whetsel participated in arresting Plaintiff or in filing allegedly "false" charges against Plaintiff. <u>See Trujillo v. Williams</u>, 465 F.3d 1210, 1227 (10th Cir. 2006).  Therefore, Plaintiff has failed to state a claim for relief for damages related to Plaintiff's claims of malicious prosecution against Defendant Whetsel in his individual capacity.  Defendant Whetsel's Motion to Dismiss Plaintiff's claims against Defendant Whetsel in his individual capacity for malicious prosecution in counts one, two, and three of the Complaint should be granted.

Plaintiff's assertion in counts one through three that he was not timely provided an arraignment can be generously construed to assert a violation of his Fourth Amendment right to a judicial determination of probable cause.  It is not clear from the Complaint, however, whether Plaintiff's claim is directed toward the criminal proceeding in Case No. CF-2007-3864 or Case No. CF-2007-4271 or toward both proceedings.  Plaintiff attached to his Complaint copies of the informations filed against him in Case No. CF-2007-3864 and Case No. CF-2007-4271.  Thus, it is assumed Plaintiff is directing this claim toward these two criminal proceedings. In cases of warrantless arrests, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." <u>Gerstein v. Pugh</u>, 420 U.S. 103, 114 (1975). "[T]his determination must

establish that the official should have known of the risk of harm." <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1310 (10th Cir.1998).

Plaintiff has not alleged the personal participation of Defendant Whetsel or sought damages against Defendant Whetsel in his individual capacity with respect to Plaintiff's claims of malicious prosecution, and there is no evidence that Defendant Whetsel participated in arresting Plaintiff or in filing allegedly "false" charges against Plaintiff. <u>See Trujillo v. Williams</u>, 465 F.3d 1210, 1227 (10th Cir. 2006).  Therefore, Plaintiff has failed to state a claim for relief for damages related to Plaintiff's claims of malicious prosecution against Defendant Whetsel in his individual capacity.  Defendant Whetsel's Motion to Dismiss Plaintiff's claims against Defendant Whetsel in his individual capacity for malicious prosecution in counts one, two, and three of the Complaint should be granted.

Plaintiff's assertion in counts one through three that he was not timely provided an arraignment can be generously construed to assert a violation of his Fourth Amendment right to a judicial determination of probable cause.  It is not clear from the Complaint, however, whether Plaintiff's claim is directed toward the criminal proceeding in Case No. CF-2007-3864 or Case No. CF-2007-4271 or toward both proceedings.  Plaintiff attached to his Complaint copies of the informations filed against him in Case No. CF-2007-3864 and Case No. CF-2007-4271.  Thus, it is assumed Plaintiff is directing this claim toward these two criminal proceedings. In cases of warrantless arrests, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." <u>Gerstein v. Pugh</u>, 420 U.S. 103, 114 (1975). "[T]his determination must

be made by a judicial officer either before or promptly after arrest." Id. at 125. "[A]

jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest

will, as a general matter, comply with the promptness requirement of Gerstein." County of

Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). Even if an arrested individual receives a

probable cause determination within 48 hours of arrest,

> [s]uch hearing may nonetheless violate Gerstein if the arrested
> individual can prove that his or her probable cause
> determination was delayed unreasonably. Examples of
> unreasonable delay are delays for the purposes of gathering
> additional evidence to justify the arrest, a delay motivated by ill
> will against the arrested individual, or delay for delay's sake.

Id. The determination of probable cause can be made "reliably without an adversary hearing.

The standard is the same as that for arrest. That standard - probable cause to believe the

suspect has committed a crime - traditionally has been decided by a magistrate in a

nonadversary proceeding on hearsay and written testimony ...." Gerstein, 420 U.S. at 120.

The determination can be made without the presence of the arrestee or counsel. Id. at 122-

123. See Strepka v. Miller, 28 Fed. Appx. 823, 828 (10th Cir. Nov. 21, 2001)(unpublished

op.)(probable cause "determination can be made ex parte, without the presence of the

arrestee")(citing Garcia v. City of Chicago, 24 F.3d 966, 969 (7th Cir. 1994) and King v.

Jones, 824 F.2d 324, 327 (4th Cir. 1987)).

     The uncontroverted evidence presented by the parties reflects the following facts

relevant to Plaintiff's Fourth Amendment claim. In Case No. CF-2007-3864, a law

enforcement officer presented a probable cause affidavit to a judge of the Oklahoma County

District Court and a judicial determination of probable cause was made on July 4, 2007, following Plaintiff's arrest on July 3, 2007. Defendants' Motion, Ex. 1, att. 10.  Additionally, a probable cause hearing was conducted in Case No. CF-2007-3864 on July 5, 2007, at which Plaintiff appeared before a judge, was advised of his right to an attorney, the charges, the bail amount, and the tentative date for an arraignment. Defendants' Motion, Ex. 1, att. 11.

In Case No. CF-2007-4271, a law enforcement officer presented a probable cause affidavit to a judge of the Oklahoma County District Court and a judicial determination of probable cause was made on May 18, 2007, following Plaintiff's arrest on May 17, 2007. Defendants' Motion, Ex. 1, att. 5.  Because the uncontroverted facts show that Plaintiff was provided timely probable cause determinations in the two criminal cases filed against him in the Oklahoma County District Court, Defendants' Motion seeking summary judgment with respect to Plaintiff's Fourth Amendment claim of untimely judicial determinations of probable cause in the two criminal proceedings should be granted. To the extent Plaintiff contends he was entitled to counsel or the opportunity to receive or present evidence during the probable cause determination, Plaintiff has failed to state a claim of a Fourth Amendment violation.  Strepka, supra.

Plaintiff's claims in counts one, two, and three may also generously be construed to assert that pre-arraignment delay violated his due process rights.  Plaintiff attached to his Complaint copies of the informations filed against him in Case No. CF-2007-3864 and Case No. CF-2007-4271.  Thus, it is assumed Plaintiff is directing this claim toward these two criminal proceedings. Under Oklahoma law, a defendant in a felony case is entitled to a

13

preliminary hearing to determine whether there is probable cause to hold him for a criminal prosecution. <u>See</u> Okla. Stat. tit. 22, § 258.  In Oklahoma, the right to counsel attaches at arraignment, <u>see</u> <u>Miller v. State</u>, 29 P.3d 1077, 1080 (Okla. Crim. App. 2001), and Oklahoma ensures that counsel is provided for indigent defendants.  Okla. Stat. tit. 22, §1355.  Although there may be circumstances in which pre-arraignment delay implicates a defendant's due process rights, <u>see</u> <u>Robertson v. Price City Police Dep't</u>, 83 Fed. Appx. 286, 287, 2003 WL 299 25271, *1 (10th Cir. Dec. 11, 2003)(unpublished op.)(citing cases), Plaintiff has not alleged facts suggesting that his liberty interests were violated in the two criminal proceedings.  Consequently, Defendants' Motion seeking dismissal of Plaintiff's claims of due process deprivations related to pre-arraignment delay should be granted.

In counts one through three of the Complaint, Plaintiff has failed to state a claim of municipal liability against Defendant Whetsel in his official capacity and against Defendant Oklahoma County Board of County Commissioners. "To establish a claim for damages under § 1983 against municipal entities or local government bodies, including local officials sued in their official capacity, "the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." <u>Moss v. Kopp</u>, 559 F.3d 1155, 1168 (10th Cir. 2009)(citing <u>Whitesell v. Sengenberger</u>, 222 F.3d 861, 870 (10th Cir. 2000)).  Plaintiff has not identified a policy or custom causing a constitutional deprivation sufficient to support a 42 U.S.C. § 1983 claim for municipal liability. Nor has he alleged that a "final policymaker" for Oklahoma County took any unconstitutional action or that a "widespread practice [was] so permanent and well settled

as to constitute a custom or usage with the force of law." Id. at 1168-1169 (recognizing a municipality can be liable under § 1983 if the "final policymaker" takes the unconstitutional action or if the plaintiff establishes existence of widespread practice so permanent and well settled as to constitute custom or usage with the force of law).  Therefore, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 against Defendants Oklahoma County Board of County Commissioners and against Sheriff Whetsel in his official capacity.


<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended the Defendants' Motion to Dismiss and/or for Summary Judgment (Doc. # 23) be GRANTED, that Plaintiff's claims in counts one, two, and three for malicious prosecution, pre-arraignment delay, failure to provide counsel or allow him to receive or present evidence in probable cause determinations, and official capacity claims be dismissed without prejudice for failure to state a claim for relief, that judgment as a matter of law issue in favor of Defendants and against the Plaintiff with respect to Plaintiff's claims in counts one, two, and three of Fourth Amendment violations in probable cause determinations, and that judgment as a matter of law issue in favor of Defendants and against the Plaintiff with respect to Plaintiff's claims of denial of access to the courts and unconstitutional conditions of confinement in counts four and five of the Complaint.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___ June 8th, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to

this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___18[th]___ day of ___May___, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

16